# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
## (Northern Division)

| | |
|---|---|
| CX REINSURANCE COMPANY LIMITED,<br>f/k/a CNA REINSURANCE COMPANY<br>LIMITED<br>1 Royal Exchange Avenue, Suite 306<br>London EC3V 3LT<br>United Kingdom<br><br>               Plaintiff<br><br>v.<br><br>JACOB DACKMAN & SONS, LLC<br>2221 Maryland Avenue<br>Baltimore, Maryland 21218<br><br>and<br><br>ELLIOT DACKMAN, INDIVIDUALLY<br>AND AS A TRUSTEE OF ASSETS OF<br>JACOB DACKMAN & SONS, LLC<br>2 River Oaks Circle<br>Pikesville, Maryland 21208<br><br>               Defendants<br><br>and<br><br>TERRELL MITCHELL<br>1915 Dukeland Street, Apt. 2<br>Baltimore, Maryland 21216<br><br>and<br><br>JAKEEM ROY<br>1503 Harford Square Drive<br>Edgewood, Maryland 21040<br><br>and | Case No. 15-cv-03328<br><br>Hon. Ellen L. Hollander,<br>Presiding |

GOODMAN, MEAGHER
& ENOCH, LLP
ATTORNEYS AT LAW
111 N. CHARLES STREET
BALTIMORE, MD. 21201

| | |
|---|---|
| D-JON CARTER<br>1607 East Lafayette Avenue<br>Baltimore, Maryland 21213 | )<br>)<br>)<br>) |
| and | )<br>) |
| ERNESTINE PARKER<br>506 Lucia Avenue<br>Baltimore, Maryland 21215 | )<br>)<br>)<br>) |
| and | )<br>) |
| PACHELLE JACKSON<br>660 E. 27th Street<br>Baltimore, Maryland 21218 | )<br>)<br>)<br>) |
| and | )<br>) |
| JA'NAI TOWNES<br>812 West Lexington Street, Apt. 12<br>Baltimore, Maryland 21201 | )<br>)<br>)<br>) |
| and | )<br>) |
| KARON FOSTER<br>2876 Jessup Road<br>Jessup, Maryland 20794 | )<br>)<br>)<br>) |
| and | )<br>) |
| TROY MILLER<br>3603 West Mulberry Street<br>Baltimore, Maryland 21229 | )<br>)<br>)<br>) |
| and | )<br>) |
| DAQUANTAY ROBINSON<br>1119 Wilmot Court<br>Baltimore, Maryland 21202 | )<br>)<br>)<br>) |
| Intervenors | )<br>) |

GOODMAN, MEAGHER
& ENOCH, LLP
ATTORNEYS AT LAW
111 N. CHARLES STREET
BALTIMORE, MD. 21201

## MOTION TO RE-OPEN CASE AND INTERVENE

Intervenors, TERRELL MITCHELL, JAKEEM ROY, D-JON CARTER, ERNESTINE PARKER, PACHELLE JACKSON, JA'NAI TOWNES, KARON FOSTER, TROY MILLER and DAQUANTAY ROBINSON, by their undersigned attorneys, pursuant to FRCP 24, respectfully move to re-open this case and intervene as Defendants in this action and in support thereof state the following:

1. On or about 10/30/15, Plaintiff, CX Re, filed a Complaint seeking rescission and other relief for applicable commercial general liability insurance policies. Plaintiff, CX Re, alleged material misrepresentation of fact on applications for such insurance by the insured landlord, Jacob Dackman & Sons, LLC ("Dackman"). Plaintiff, CX Re, sought various relief including rescinding the applicable policies and rendering such policies *void ab initio*. Each of the intervenors hereto, prior to the filing of this rescission action, had filed a lead paint injury claim against Dackman in the Circuit Court for Baltimore City, alleging injurious lead exposure in a Dackman property which CX Re insured under the policies at issue.

2. TERRELL MITCHELL is a Plaintiff in a lawsuit filed in the Circuit Court of Baltimore City (Case No.: 24-C-14-005805) against various Defendants including Jacob Dackman & Sons. Intervenor alleges personal injuries and other damages caused by exposure to lead-based paint at a property located at 1827 W. Saratoga Street, Baltimore, Maryland 21223. Intervenor resided at and/or visited said property during the

GOODMAN, MEAGHER
& ENOCH, LLP
ATTORNEYS AT LAW
111 N. CHARLES STREET
BALTIMORE, MD. 21201

approximate time period of 1996-2000.

JAKEEM ROY is a Plaintiff in a lawsuit filed in the Circuit Court of Baltimore City (Case No.: 24-C-11-004528) against various Defendants including Jacob Dackman & Sons. Intervenor alleges personal injuries and other damages caused by exposure to lead-based paint at a property located at 2525 Oswego Avenue, Baltimore, Maryland 21215. Intervenor resided at and/or visited said property during the approximate time period of 1997-98.

D-JON CARTER is a Plaintiff in a lawsuit filed in the Circuit Court of Baltimore City (Case No.: 24-C-14-006749) against various Defendants including Jacob Dackman & Sons. Intervenor alleges personal injuries and other damages caused by exposure to lead-based paint at a property located at 2334 W. Fayette Street, Baltimore, Maryland 21223. Intervenor resided at and/or visited said property during the approximate time period of 1995-98.

ERNESTINE PARKER is a Plaintiff in a lawsuit filed in the Circuit Court of Baltimore City (Case No.: 24-C-14-001708) against various Defendants including Jacob Dackman & Sons. Intervenor alleges personal injuries and other damages caused by exposure to lead-based paint at a property located at 608 Pitcher Street, Baltimore, Maryland 21217. Intervenor resided at and/or visited said property during the approximate time period of 1994-96.

PACHELLE JACKSON is a Plaintiff in a lawsuit filed in the Circuit Court of Baltimore City (Case No.: 24-C-14-007244) against various Defendants including Jacob

GOODMAN, MEAGHER
& ENOCH, LLP
ATTORNEYS AT LAW
111 N. CHARLES STREET
BALTIMORE, MD. 21201

Dackman & Sons. Intervenor alleges personal injuries and other damages caused by exposure to lead-based paint at a property located at 1727 Cliftview Avenue, Baltimore, Maryland 21213. Intervenor resided at and/or visited said property during the approximate time period of 1997-2005.

JA'NAI TOWNES is a Plaintiff in a lawsuit filed in the Circuit Court of Baltimore City (Case No.: 24-C-15-001476) against various Defendants including Jacob Dackman & Sons. Intervenor alleges personal injuries and other damages caused by exposure to lead-based paint at a property located at 1812 N. Milton Avenue, Baltimore, Maryland 21213. Intervenor resided at and/or visited said property during the approximate time period of 1996-2004.

KARON FOSTER is a Plaintiff in a lawsuit filed in the Circuit Court of Baltimore City (Case No.: 24-C-14-007924) against various Defendants including Jacob Dackman & Sons. Intervenor alleges personal injuries and other damages caused by exposure to lead-based paint at a property located at 1106 N. Carey Street, Baltimore, Maryland 21217. Intervenor resided at and/or visited said property during the approximate time period of 1993-98.

TROY MILLER is a Plaintiff in a lawsuit filed in the Circuit Court of Baltimore City (Case No.: 24-C-15-004741) against various Defendants including Jacob Dackman & Sons. Intervenor alleges personal injuries and other damages caused by exposure to lead-based paint at a property located at 1809 W. Lanvale Street, Baltimore, Maryland 21217. Intervenor resided at and/or visited said property during the approximate time

GOODMAN, MEAGHER
& ENOCH, LLP
ATTORNEYS AT LAW
111 N. CHARLES STREET
BALTIMORE, MD. 21201

period of 1997-2001.

DAQUANTAY ROBINSON is a Plaintiff in a lawsuit filed in the Circuit Court of Baltimore City (Case No. 24-C-12006890) against various Defendants including Jacob Dackman & Sons. Intervenor alleges personal injuries and other damages caused by exposure to lead-based paint at a property located at 1642 E. 25th Street. Intervenor resided at and/or visited said property during the approximate time period of 1997-2001.

3. Intervenors contend that claims asserted by them against Jacob Dackman & Sons in the Circuit Court for Baltimore City are covered by one or more policies of insurance that are applicable in this rescission filed by Plaintiff, CX Re, and therefore are interested parties, and that the rescission is inoperative and invalid as to their respective claims.

4. Intervenors have a right to intervene pursuant to FRCP 24(a)(2) as Intervenors have an interest in the policies at issue and to ensure that their interests in the CX Re policies are not impaired or impeded without the opportunity to adequately protect such interests. *See e.g., Harrison v. Fireman's Fund Ins. Co.*, 2011 WL 3241451 (D.Md. 2011); *see also Teaque v. Bakker*, 931 F.2d 259 (4th Cir. 1991).

5. Intervenors also may intervene under FRCP 24(b)(1)(B) as Intervenors whom have a viable claim with common questions as to the existence of coverage under the policies at issue.

6. Intervenors do not believe that Defendants have defended or will vigorously defend the allegations set forth in this Complaint thereby causing potential

GOODMAN, MEAGHER
& ENOCH, LLP
ATTORNEYS AT LAW
111 N. CHARLES STREET
BALTIMORE, MD. 21201

injuries to the Intervenors. Intervenors contend that they are rightfully entitled to recovery under policies at issue in this lawsuit on behalf of Jacob Dackman & Sons. It is critical for Intervenors to be allowed to intervene in this action to make sure that their interests and their rights under the applicable policies are being protected. Intervenors would like to contest and challenge the allegations made by CX Re which would otherwise invalidate potential recovery for Intervenors. Intervenors were never notified of this rescission action prior to 7/20/16. By that date, this action had already been "settled" and dismissed on the Court's docket (entry #34 and #35 dated 7/8/16).

7. Intervenors are concerned that a settlement of this case by the parties to it will unfairly prejudice the Intervenor claimants under applicable policies at issue in this lawsuit. Intervenors would like to participate in this case to ensure that coverage issues are fully and fairly litigated in a manner that protects the concerns of interested parties such as Intervenors, and to challenge and contest the alleged ability of the parties to this lawsuit to voluntarily agree to terms and conditions which would be in direct contravention to the rights of Intervenors.

8. Unless Intervenors are permitted to intervene as Defendants, the disposition of this action may impair and impede the ability of Intervenors to collect under the policies. This action will adversely affect the financial and legal interest of Intervenors. No other existing parties are similarly situated to the Intervenors to look out for the interests of the Intervenors and other persons similarly situated to Intervenors.

9. This Motion to Intervene is timely filed as Intervenors' counsel in the

GOODMAN, MEAGHER
& ENOCH, LLP
ATTORNEYS AT LAW
111 N. CHARLES STREET
BALTIMORE, MD. 21201

underlying lead paint case received information only in mid-July that this lawsuit existed and had apparently been resolved without the participation of the Intervenors. Intervenors want to ensure that the issues in this lawsuit are fully and fairly litigated as it relates to the interests of Intervenors.

10. In short, for the reasons summarized below, Intervenors contend that the policies at issue cannot be rescinded as a matter of law without their express consent.

11. At least one of the Intervenors, Daquantay Robinson, had already filed a declaratory judgment against CX Re in the Circuit Court of Baltimore City on 10/2/14, Case No. 24-C-14005676 seeking coverage under the policies at issue. Despite the pendency of this action, CX Re gave no notice of this rescission action, but deliberately and actively litigated that declaratory action knowing all the time that CX Re intended to rescind the policies at issue.

12. The CX Re policies at issue purported to insure hundreds of properties. The rescission case purported to seek rescission on the basis of misrepresentation by Dackman on the application as to his knowledge of lead paint violations in the properties insured under the CX Re policies. The properties at issue with respect to Intervenors herein, here, were in large part not properties for which CX Re contended in this rescission action that there were preexisting lead violation notices.

13. Under Maryland law, Intervenors are third party beneficiaries of the insurance contract between CX Re and Dackman. *Travelers Ins. Co. v. Godsey*, 260 Md. 669, 273 A.2d 431 (1971). Moreover, they are *intended* beneficiaries of that contract, as

GOODMAN, MEAGHER & ENOCH, LLP
ATTORNEYS AT LAW
111 N. CHARLES STREET
BALTIMORE, MD. 21201

the contract specifically identified them by address in listing their specific properties in the policy.

14. Under *Restatement (Second) of Contracts* §302, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary "is appropriate to effectuate the intention of the parties, and...the circumstances indicate that the promise intends to give the beneficiary the benefit of the promised performance." Such is the case here. Moreover, although the *Restatement (Second)* allows the contracting parties (CX Re and Dackman) to discharge or modify a duty to an intended beneficiary (including to proceed with a rescission) unless an express term in the contract forbids it, if the contract is silent, "[s]uch a power [to rescind] terminates when the beneficiary [intervenors herein], before he receives notification of the [rescission], materially changes his position in justifiable reliance on the promise or brings suit on it." *Id.* §311(3). Thus, under these facts, Intervenors are entitled to prevent rescission here, at least as to the specific Dackman properties in which Intervenors suffered lead exposure. Intervenor Robinson changed his position by litigating at his expense the coverage issue on the policy that CX Re sought all along to rescind.

15. It is also important to note the relationship between §311 and §90 of the *Restatement Second*. Section 90 deals with promissory estoppel and provides that "[a] promise which the promisor should reasonably expect to induce action or forbearance...is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires." *Restatement*

GOODMAN, MEAGHER
& ENOCH, LLP
ATTORNEYS AT LAW
111 N. CHARLES STREET
BALTIMORE, MD. 21201

(*Second*) of Contracts §90 (1979). Although §90 clearly is concerned with reliance by the promisee, its language suggests that it is not necessarily limited to a two-party transaction. It applies to third parties who have justifiably relied on a promise by a promisor. The reliance that will operate to prevent modification of a contract is the reliance relevant in promissory estoppel cases. Here, Intervenor Robinson relied to his detriment and spent tens of thousands of dollars in litigating the coverage issue, when CX Re knew all the time (and failed to advise Robinson) that it was rescinding the contract. Hence, Intervenors are entitled per the *Restatement* to preclude the rescission, at least as to Intervenors.

16. Under the *Restatement* provisions, the third party [Intervenors] only need take some action to their detriment before they can establish an irrevocable claim under the original contract. Most importantly, there is also an exception to this rule: Even in the absence of detrimental reliance, when an infant is a third party beneficiary under the *Restatement Second, there is an inference that the beneficiary's rights are irrevocable.* See Section §311, comment d. The first *Restatement* also accorded infants irrevocable rights as third party beneficiaries. Because infants were classified as donee beneficiaries, their rights as third parties vested immediately upon execution of the contract. *See Restatement of Contracts* §142 (1932). As CX Re concedes, Intervenors were all minors at the time of their lead exposure and at the time they were first diagnosed with elevated blood levels, and thus incurred their "loss" as infants. Thus, their rights as intended beneficiaries are irrevocable; i.e. CX Re and Dackman cannot rescind

GOODMAN, MEAGHER
& ENOCH, LLP
ATTORNEYS AT LAW
111 N. CHARLES STREET
BALTIMORE, MD. 21201

the Policies without Intervenors' express consent. Maryland has recognized that the infants' rights as third party beneficiaries under the contract are indefeasible, unless they reject those benefits. In *Spates v. Spates*, 267 Md. 72, 296 A.2d 581, 584, 585, the plaintiff sought to assert his rights as third-party beneficiary of a separation agreement entered into between his father and mother when plaintiff was seventeen. This court noted that there was substantial authority for the view that once an infant is made the donee beneficiary of a contract, his acceptance of the benefit is assumed, and his rights under the contract are indefeasible, unless he rejects the benefits or a right to alter the provision made for him has been preserved; however, the court held plaintiff's action barred by the statute of limitations. Moreover, *Restatement Second*, §311, comment e is specifically directed to situations, like here, where the contract at issue is a *liability insurance contract*. That comment states:

> e. *Effect of loss under insurance policy.* The terms of the promise may make the beneficiary's right irrevocable in whole or in part or only upon a condition. Thus a reserved power to change the beneficiary of a life insurance policy terminates on the death of the insured. In general the power of promisor and promisee to vary the duty to a beneficiary under other types of insurance policies is understood to be subject to a similar limitation: *when an insured loss occurs, the power to vary the terms of the policy with respect to that loss is terminated.*
>
> **Illustration:**
>
> 5. A contracts with B for liability insurance covering any person operating A's automobile with A's permission. C incurs liability covered by the policy. Thereafter A and B agree to rescind the policy. The attempted rescission does not affect the rights of C or the person to whom he is liable.

Accordingly, per comment e, Intervenors' "loss" occurred when they were injuriously

GOODMAN, MEAGHER
& ENOCH, LLP
ATTORNEYS AT LAW
111 N. CHARLES STREET
BALTIMORE, MD. 21201

exposed to lead as infants at the Dackman properties. At that time, CX Re's power to rescind terminated with respect to that loss. The rescission thus is inoperative and of no effect vis-a-vis the Intervenors.

17. CX Re never notified Intervenors of settlement discussions between itself and Dackman. Upon information and belief, CX Re knew that Dackman considered himself "judgment proof" with the CX Re insurance at issue being the lone asset that Intervenors would have to satisfy their claims. As such, CX Re knew that Dackman would neither affirmatively oppose CX Re's attempted rescission, nor interject valid defenses, such as: (1) requiring CX Re to tender back all premiums paid as part of the rescission; (2) asserting limitations when CX Re knew of any alleged misrepresentations more than 3 years before the rescission filing;[1] and 3) CX Re is precluded from rescission both by part performance, having paid out several claims on the policies, and further CX Re is not entitled to "set off" the premiums paid against prior payments rather than refunding the premiums themselves.

WHEREFORE, Intervenors, TERRELL MITCHELL, JAKEEM ROY, D-JON

---

[1] For example, CX Re does not dispute that the bases for the alleged rescission existed and were public record since the 1970's. rather, CX Re merely claims that it did not know or learn about the misrepresentation on the insurance Application for many years, that CX Re first identified a potential basis for its rescission and fraud claims in August 2015, when, during the course of a broad underwriting review of many insureds, CX Re's London-based business manager discovered that the Baltimore City Department of Health maintained a list of lead violation notices issued since at least the 1970's, obtained the list, and compared it to the "No" answer to Question 16 on the Application. CX Re further admitted that the insurance agent responsible for procuring the policy, Stattery, pled guilty in 2003 to committing felony insurance fraud and stealing over $1.5 million, that he was sentenced to ten years' incarceration with all but eighteen months of his sentence suspended, and that he was ordered to be placed on five years' probation upon his release and to pay nearly $1.7 million in restitution.

GOODMAN, MEAGHER
& ENOCH, LLP
ATTORNEYS AT LAW
111 N. CHARLES STREET
BALTIMORE, MD. 21201

CARTER, ERNESTINE PARKER, PACHELLE JACKSON, JA'NAI TOWNES, KARON FOSTER, TROY MILLER and DAQUANTAY ROBINSON, request that this Court grant their Motion to Intervene in this action and issue a ruling that the aforesaid rescission is inoperative and invalid with respect to the claims of these Intervenors.

/s/ John Amato, IV
John Amato, IV
GOODMAN, MEAGHER & ENOCH, LLP
111 N. Charles Street
Baltimore, Maryland 21201
(410) 752-3666
Attorneys for Intervenors

CERTIFICATE OF SERVICE

I HEREBY CERTIFY this 2nd day of August, 2016 that a copy of the foregoing was delivered via e-file, CM/ECF, to all counsel of record.

/s/ John Amato, IV
John Amato, IV
Attorney for Intervenors