IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CX REINSURANCE CO. LTD., *Plaintiff*, <br><br> v. <br><br> JACOB DACKMAN & SONS, LLC *et al.*, *Defendants*. | Civil Action No. ELH-15-3328 |

**MEMORANDUM**

On October 30, 2015, plaintiff CX Reinsurance Company Limited ("CX Re"), formerly known as CNA Reinsurance Company Limited, filed suit in this Court against defendant Jacob Dackman & Sons, LLC ("Dackman & Sons"). ECF 1. CX Re sought rescission of an insurance policy it issued to Dackman & Sons and alleged a claim of fraud. ECF 1 ¶¶ 29-46. The thrust of CX Re's claims was that Dackman & Sons made a material misrepresentation of fact on a 1997 application for commercial general liability insurance, by stating that it "had never had any lead paint violations in the buildings . . . ." ECF 8 ¶ 32.

CX Re filed its First Amended Complaint on January 28, 2016, adding Elliott Dackman as a defendant, individually and "as trustee of assets of Jacob Dackman & Sons, LLC." ECF 8 at ¶ 5. Service was supposedly made on Dackman & Sons on February 3, 2016, via the Maryland Department of Assessment and Taxation. ECF 15. Dackman & Sons did not respond to the suit. However, Mr. Dackman moved to dismiss. ECF 17 (Motion); ECF 18 (Memorandum).

On June 17, 2016, with the consent of Mr. Dackman (ECF 28), plaintiff filed a Second Amended Complaint, adding another defendant, Alfred Murray Slattery, the former majority owner and President of National Insurance Services, Inc. *See* ECF 30 ¶ 6. Therefore, by Order

of June 17, 2016, I denied, as moot, the motion to dismiss, as it was directed to the First Amended Complaint, which was superseded by the Second Amended Complaint. *See* ECF 29.

There is no indication on the docket that Mr. Slattery was ever served with process. Nor has he participated in the lawsuit. *See* docket. Moreover, the Court granted Mr. Dackman's request to extend until July 15, 2016, the time by which he was to respond to the Second Amended Complaint. *See* ECF 32, ECF 33.

In the interim, on July 7, 2016, CX Re docketed "Notice of Voluntary Dismissal with Prejudice," dismissing its claims against Dackman & Sons, Mr. Dackman, and Slattery, pursuant to Fed. R. Civ. P. 41(a)(1)A)(i). ECF 34. At that point, the case had been pending for more than eight months. I approved the Notice by Order of July 8, 2016. ECF 35. The Clerk then closed the case. *See* docket.

On August 2, 2016, more than nine months after the underlying case had been filed, Terrell Mitchell; Jakeem Roy; D-Jon Carter; Ernestine Parker; Pachelle Jackson; Ja'Nai Townes; Karon Foster; Troy Miller; and Daquantay Robinson (collectively, the "Intervenors") filed a "Motion to Re-Open Case and Intervene." ECF 36 ("Motion"). They assert, *id.* at ¶ 1: "Each of the intervenors hereto, prior to the filing of this rescission action, had filed a lead paint injury claim against Dackman [& Sons] in the Circuit Court for Baltimore City, alleging injurious lead exposure in a Dackman [& Sons] property which CX Re insured under the policies at issue."

The Intervenors claim that they have a right to intervene in the case under Fed. R. Civ. P. 24(a)(2), because they "have an interest in the policies at issue and to ensure that their interests in the CX Re policies are not impaired or impeded without the opportunity to adequately protect such interests . . . ." *Id.* ¶ 4. The Intervenors also state that, alternatively, they can intervene in

the case, under Fed. R. Civ. P. 24(b)(1)(B), because they "have a viable claim with common questions as to the existence of coverage under the policies at issue." *Id.* ¶ 5.

According to the Intervenors, they "do not believe that Defendants have defended or will vigorously defend the allegations set forth in this Complaint thereby causing potential injuries to the Intervenors." *Id.* ¶ 6. They seek "to contest and challenge" CX Re's allegations, "which would invalidate" insurance coverage in the event Dackman & Sons is found liable in any of the various state tort cases. *Id.* The Intervenors assert, *id.* ¶ 8: "Unless Intervenors are permitted to intervene as Defendants, the disposition of this action may impair and impede the ability of Intervenors to collect under the policies." Finally, Intervenors assert that they were never notified of this rescission action prior to July 20, 2016. *Id.* ¶ 6. By that date, this action had already been "settled" and dismissed on the Court's docket . . . ." *Id.* ¶ 7. Intervenors also filed "Intervenors' Answer to Second Amended Complaint." ECF 37.

By Order of August 3, 2016, I directed counsel for Mr. Dackman and CX Re to respond to the Motion. ECF 38. Both responded on August 19, 2016. ECF 39 ("Dackman Opposition"); ECF 40 ("CX Re Opposition"). The Intervenors did not reply and the time to do so has expired. *See* Local Rule 105.2(a); Fed. R. Civ. P. 6(d).

Mr. Dackman argues that, because the plaintiff dismissed the case pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), "the Court no longer has jurisdiction over this dismissed case, the post-dismissal motion to intervene filed in this case is moot, and this case may not be reopened." ECF 39 at 1.

CX Re makes the same argument. ECF 40. CX Re asserts, *id.* ¶ 9: "Once a plaintiff files a notice of dismissal under Rule 41(a)(1)(A), the court loses jurisdiction and may no longer address the merits of the action or, more pertinent here, issue further orders." Thus, CX Re

argues, *id.* ¶ 10: "After a plaintiff files a notice of dismissal under Rule 41(a)(1)(A), the action is defunct and the court has no discretion to allow parties to intervene."

With exceptions not relevant here, Fed. R. Civ. P. 4l(a)(l)(A)(i) provides: "[P]laintiff may dismiss an action *without a court order* by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ." (Emphasis added). According to 9 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2363 (3d ed.) at 437-41:

> Although Rule 5(a) requires that a notice of voluntary dismissal be served on all other parties, the cases seem to make it clear that the notice is effective at the moment it is filed with the clerk.[] It is merely a notice[] and not a motion, although a notice in the form of a motion is sufficient.[] No order of the court is required[] and the district judge may not impose conditions.[] Since the notice terminates the action, "[t]here is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by [an] adversary or court."[] The court need not give the perfunctory order of closing the file. The plaintiff suffers no impairment beyond the fee for filing the action.[]

*See also In re Amerijet Int'l., Inc.*, 785 F.3d 967, 973 (5th Cir. 2015) ("The notice of dismissal is self-effectuating and terminates the case in and of itself; no order or other action of the district court is required."); *Jones, Blechman, Woltz & Kelly, PC v. Babakaeva*, 375 F. App'x 349, 350 (4th Cir. 2010) (Defendant "did not file an answer or a motion for summary judgment prior to the filing of the Rule 41(a)(1)(A)(i) notice. Therefore, the voluntary dismissal became effective upon filing of the notice with the clerk of the district court. At that point, the action terminated, and the district court was divested of jurisdiction.").

Here, as noted, neither Dackman & Sons, Elliot Dackman, nor Slattery ever answered the suit or filed a motion summary judgment. Accordingly, in my view, the case was terminated upon CX Re's filing of its "Notice of Voluntary Dismissal with Prejudice." ECF 34.

Additionally, Intervenors claim that they were not notified of the underlying case. But, the case was pending for more than eight months at the time of dismissal. *See* ECF 1; ECF 34. And, all of the filings were public.

Under the circumstances attendant here, I am unaware of any authority by which the proposed intervenors have the right to reopen the case and to force plaintiff to continue its litigation with the defendants. To the extent the Motion involves the Court's discretion, I decline to grant the Motion.

In light of the foregoing, I shall DENY the Motion. ECF 36. An Order follows, consistent with this Memorandum.

November 21, 2016  /s/
Date  Ellen Lipton Hollander
 United States District Judge